IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **QUINYATTE J. HARRELL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 24-cv-1432-DWD |
| ) | |
| **JAMES P. GAUGHAN, JR.,** ) | |
| ) | |
| **Defendant.** ) | |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Quinyatte J. Harrell, a detainee at a county jail in Evansville, Indiana, filed the present pleading before this Court concerning counsel that was previously appointed to represent him in a civil matter in the Central District of Illinois. (Doc. 1). At the time he filed the pleading, Plaintiff was detained at the Vanderburgh County Jail, but according to the Jail's website, he is no longer detained there.[1] Because Plaintiff was detained at the time he filed this pleading, it is subject to review under 28 U.S.C. § 1915A.

Under Section 1915A, the Court is required to screen prisoner or detainee complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual

---

[1] Inmate Lookup - Vanderburgh County Sheriff's Office (vanderburghsheriff.org), last accessed July 10, 2024.

allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## Analysis

In the short complaint, Plaintiff alleges that in August of 2022, the United States District Court for the Central District of Illinois appointed him counsel to represent him in at least one civil matter pending in that District. *Harrell v. Brown, et al.*, Case No. 21-cv-2185 (C.D. Ill. 2021). He alleges that during the course of representation, Defendant James P. Gaughan (his appointed counsel) forced him to enter into a settlement agreement without thoroughly investigating underlying allegations or taking stock of his medical situation. (Doc. 1 at 1-2). He seeks monetary damages and would also like Gaughan to be held liable for allowing him to enter into a settlement agreement without first being seen by a neurologist. On the first page of the pleading, Plaintiff indicated he wished to proceed under 42 U.S.C. § 1983.

After carefully considering the allegations in the Complaint, the Court finds that the Complaint fails to state any claim upon which relief can be granted under § 1983. "Section 1983 creates a federal remedy against anyone who, under color of state law, deprives 'any citizen of the United States … of any rights, privileges, or immunities secured by the Constitution and laws.'" *Planned Parenthood of Indiana, Inc. v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012) (quoting 42 U.S.C. § 1983). It is well-settled that a plaintiff cannot proceed with a federal claim under § 1983 against a non-state actor. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999); *Gayman v. Principal Fin. Servs., Inc.*, 311 F.3d 851, 852–53 (7th Cir. 2003). In *Polk County v. Dodson*,

454 U.S. 312 (1981), the Supreme Court held that a court-appointed attorney, even if employed by the state, may not be sued under § 1983 for legal malpractice because such an attorney does not act "under color of state law."  *Id.* at 324-25; *see also McDonald v. White*, 465 Fed.Appx. 544, 549 (7th Cir. 2012).  Here, Gaughan was not a state actor when he served as Plaintiff's appointed counsel, so Plaintiff cannot maintain any claim against Gaughan under § 1983.

Given the foregoing analysis, the Court finds that Plaintiff's complaint is subject to dismissal in full for failure to state a claim.  Generally, *pro se* inmates are afforded at least one opportunity to amend a pleading, but the Court does not believe there is any amendment to the factual allegations that would render a claim in this pleading sufficient.  It also notes that Plaintiff was informed of his obligation to keep the Court apprised of any change of address within 14 days (Doc. 3), but Plaintiff appears to have been released from the county jail and he has not provided any updated address.  As such, it appears Plaintiff has abandoned this matter.

## Disposition

This matter is dismissed with prejudice for failure to state a claim.  The Clerk of Court is **DIRECTED** to enter judgment and to **CLOSE** this case.  The Clerk need not undertake additional efforts to collect a fee in this case.

**IT IS SO ORDERED.**

Dated:  July 10, 2024                              /s *David W. Dugan*
                                                    _____
                                                    DAVID W. DUGAN
                                                    United States District Judge